**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**CENTOCOR ORTHO BIOTECH, INC.**
800/850 Ridgeview Drive
Horsham, Pennsylvania 19044

**Plaintiff,**

v.

**ABBOTT GMBH & CO., KG,**
Max-Planck-Ring 2
Wiesbaden, Germany 65205

**Defendant.**

**CIVIL ACTION NO. ____________**

**COMPLAINT**

Plaintiff Centocor Ortho Biotech, Inc. ("Centocor") files this Complaint against Defendant Abbott GmbH & Co., KG ("Abbott GmbH") and, in support thereof, states and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action based on the Patent Laws of the United States, 35 U.S.C. § 1 et seq., seeking a declaratory judgment of non-infringement and invalidity of United States Patent No. 6,914,128 for HUMAN ANTIBODIES THAT BIND HUMAN IL-12 AND METHODS FOR PRODUCING ("the 128 patent").

2. This is also an action based on the Patent Laws of the United States, 35 U.S.C. § 1 et seq., seeking a declaratory judgment of non-infringement and invalidity of United States Patent No. 7,504,485 for HUMAN ANTIBODIES THAT BIND HUMAN IL-12 ("the 485 patent").

## PARTIES

3. Centocor is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business at 800/850 Ridgeview Drive, Horsham, Pennsylvania 19044.

4. Upon information and belief, Defendant Abbott GmbH is a corporation organized under the laws of Germany with its principal place of business at Max-Planck-Ring 2, Wiesbaden, Germany 65205.

5. Upon information and belief, and according to the records of the U.S. Patent and Trademark Office, Abbott GmbH is the assignee and sole owner of the 128 and 485 patents.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this controversy concerning declaratory judgment that the claims of the 128 and 485 patents are invalid and/or not infringed by virtue of 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

7. This Court has personal jurisdiction over Abbott GmbH pursuant to 35 U.S.C. § 293.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

9 Abbott GmbH is the assignee of the 128 patent. The 128 patent was the subject of Patent Interference No. 105,592. A true and correct copy of the 128 patent is attached as Exhibit A.

10 Abbott GmbH is the assignee of the 485 patent. A true and correct copy of the 485 patent is attached as Exhibit B.

11 The 128 and 485 patents each claim antibodies that bind to IL-12 and pharmaceutical compositions comprising such antibodies.

12 On August 10, 2009, Abbott GmbH filed a Complaint in the United States District Court for the District of Massachusetts, alleging that Centocor has infringed and continues to infringe the 128 patent and the 485 patent by making, using, offering for sale and/or selling in the United States its product STELARA, the first in a new class of biologics for the treatment of adults with moderate-to-severe plaque psoriasis. STELARA contains an IL-12 antibody called ustekinumab.

**COUNT I**

**Declaratory Judgment of Non-Infringement of the 128 Patent**

13. Centocor realleges and incorporates by reference each of the preceding paragraphs of this Complaint.

14. By reasons of Abbott GmbH's Complaint for infringement of the 128 patent filed on August 10, Abbott GmbH and Centocor have adverse legal interests, and there is a substantial and continuing controversy between them of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

15. If any of the claims of the 128 patent were at any or all times valid and enforceable, Centocor does not and has not infringed, contributed to the infringement of, or induced infringement of any claim of the 128 patent.

16. Centocor is entitled to declaratory judgment that STELARA does not infringe any claim of the 128 patent.

**COUNT II**

**Declaratory Judgment of Non-Infringement of the 485 Patent**

17. Centocor realleges and incorporates by reference each of the preceding paragraphs of this Complaint.

18. By reasons of Abbott GmbH's Complaint for infringement of the 485 patent filed on August 10, Abbott GmbH and Centocor have adverse legal interests, and there is a substantial and continuing controversy between them of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

19. If any of the claims of the 485 patent were at any or all times valid and enforceable, Centocor does not and has not infringed, contributed to the infringement of, or induced infringement of any claim of the 485 patent.

20. Centocor is entitled to declaratory judgment that STELARA does not infringe any claim of the 485 patent.

**COUNT III**

**Declaratory Judgment of Invalidity of the 128 Patent**

21. One or more claims of the 128 patent are invalid for failure to comply with one or more of the provisions of the Patent Laws of the United States, 35 U.S.C. §§ 101, 102, 103, and/or 112, including but not limited to those set forth below or others that Centocor may hereafter discover:

(a) the alleged invention was not new before the applicants' alleged conception and/or reduction to practice;

(b) the alleged invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the alleged invention thereof by the applicants for the patent;

(c) the alleged invention was patented or described in a printed publication in this or a foreign country, or as in public use, on sale or sold in this country, more than one year prior to the date of the application thereof in the United States;

(d) the alleged invention was described in a patent granted on an application for patent by another filed in the United States before the alleged invention thereof by the applicant for the patent;

(e) before the alleged invention was made by the patentees, said alleged invention was made in this country by others who had not abandoned, suppressed or concealed the same;

(f) the difference between the subject matter sought to be patented in the 128 patent and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention was made to a person having ordinary skill in the art to which said subject matter pertains;

(g) the patent does not contain a written description of the invention;

(h) the patent does not enable any person skilled in the art to make and use the invention;

(i) the patent does not conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicants regard as their invention.

22. By reasons of Abbott GmbH's Complaint for infringement of the 128 patent filed on August 10, Abbott GmbH and Centocor have adverse legal interests, and there is a substantial

and continuing controversy between them of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

23. Centocor is entitled to declaratory judgment that one or more claims of the 128 patent are invalid.

**COUNT IV**

**Declaratory Judgment of Invalidity of the 485 Patent**

24. One or more claims of the 485 patent are invalid for failure to comply with one or more of the provisions of the Patent Laws of the United States, 35 U.S.C. §§ 101, 102, 103, and/or 112, including but not limited to those set forth below or others that Centocor may hereafter discover:

(a) the alleged invention was not new before the applicants' alleged conception and/or reduction to practice;

(b) the alleged invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the alleged invention thereof by the applicants for the patent;

(c) the alleged invention was patented or described in a printed publication in this or a foreign country, or as in public use, on sale or sold in this country, more than one year prior to the date of the application thereof in the United States;

(d) the alleged invention was described in a patent granted on an application for patent by another filed in the United States before the alleged invention thereof by the applicant for the patent;

(e) before the alleged invention was made by the patentees, said alleged invention was made in this country by others who had not abandoned, suppressed or concealed the same;

(f) the difference between the subject matter sought to be patented in the 485 patent and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention was made to a person having ordinary skill in the art to which said subject matter pertains;

(g) the patent does not contain a written description of the invention;

(h) the patent does not enable any person skilled in the art to make and use the invention;

(i) the patent does not conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicants regard as their invention.

25. By reasons of Abbott GmbH's Complaint for infringement of the 485 patent filed on August 10, Abbott GmbH and Centocor have adverse legal interests, and there is a substantial and continuing controversy between them of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

26. Centocor is entitled to declaratory judgment that one or more claims of the 485 patent are invalid.

## PRAYER FOR RELIEF

WHEREFOR, Plaintiff Centocor respectfully prays that this Court:

A. Adjudge, declare and decree that STELARA has not infringed and is not infringing any claim of the 128 patent;

B. Adjudge, declare and decree that STELARA has not infringed and is not infringing any claim of the 485 patent;

C. Adjudge, declare and decree that the claims of the 128 patent are invalid;

D. Adjudge, declare and decree that the claims of the 458 patent are invalid

E. Declare this case "exceptional" within the meaning of 35 U.S.C. § 285 and award Centocor its costs, reasonable attorneys' fees and disbursements (including expert fees) incurred in this action; and

F. Award to Centocor such other and further relief as the Court may deem just and proper.

Dated: August 28, 2009

Respectfully submitted,

MORRISON & FOERSTER LLP

Barry E. Bretschneider (DCB #20857)
Peter J. Davis (DCB #463353)
John P. Corrado (DCB #380948)
MORRISON & FOERSTER LLP
1650 Tysons Boulevard, Suite 400
McLean, VA 22102
Tel: 703-760-7743
Fax: 703-760-7777
*bbretschneider@mofo.com*
*pdavis@mofo.com*
*jtrocki@mofo.com*

Dianne B. Elderkin
Barbara L. Mullin
Steven A. Maslowski
Angela Verrecchio
Matthew A. Pearson
James V. Spencer
WOODCOCK WASHBURN LLP
Cira Centre, 12th Floor
2929 Arch Street
Philadelphia, PA 19104
Tel: 215-568-3100
Fax: 215-568-3439

*Attorneys for Plaintiff*
*Centocor Ortho Biotech, Inc.*

dc-570158